IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C.,<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-295C<br>(Chief Judge Damich) |

**DEFENDANT'S ANSWER**

As its answer to the complaint filed on April 14, 2006, defendant admits, denies, and avers as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegation contained in paragraph 5 that Jay Seligman placed Mr. Nyanjong in Lakeland Nursing Home; otherwise denies the allegations contained in paragraph 5.

6. Denies.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 7.

8. Denies.

9. Denies.

10. Admits.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegation contained in paragraph 12 that Mr. Nyanjong was transferred to Huey P. Long Hospital; otherwise denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies.

16. Denies.

17. Admits.

18. Denies.

19. Admits the allegation contained in paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 19.

20. The allegations contained in paragraph 20 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits.

25. Denies.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. Denies.

28. Admits.

29. Admits the allegations contained in paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. Denies the allegation contained in paragraph 31 that Jay Seligman, Christopher Jacobs, or William Cleary are contracting officers; admits the remaining allegations contained in paragraph 31 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the

referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph

33. The allegations contained in paragraph 33 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35. Denies the allegation contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to its truth.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to its truth.

37. Denies the allegation contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to its truth.

38. Denies that plaintiff is entitled to relief set forth in the prayer for relief immediately following paragraph 37, or to any relief whatsoever.

39. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham

STEVEN J. GILLINGHAM
Assistant Director

s/ Nancy M. Kim

OF COUNSEL:
Aaron T. Marshall
Department of Homeland Security

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington DC 20530
Tel: (202) 353-0546
Fax: (202) 514-8640

August 11, 2006

Attorneys for Defendant