IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C.<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-295C<br>(Chief Judge Damich) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC") and the Court's Special Procedures Order, plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 609(a)(1). Defendant disagrees that this Court possesses jurisdiction to entertain plaintiff's claim.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that this case should not be bifurcated.

d. Deferral

The parties agree that this case should not be deferred pending resolution of any other cases. The parties further state that they are not aware of any basis for transferring or remanding

the case to another tribunal, and that they are not aware of any related cases in this or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

Defendant states that it intends to file a motion to dismiss for lack of subject matter jurisdiction. If the case is not dismissed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56 after discovery has been completed.

h. Relevant Issues

Plaintiff's Statement Of the Issues

1. Irrespective of any alleged written contract with CRA (see paragraph m(iii)), whether there was an oral and written contract between Lakeland and the Government whereby the Government agreed to guarantee permanently the payment of all medical expenses for Nyanjong's care.

2. Whether Jay Seligman possessed implied authority to bind the Government to its oral and written contracts with Lakeland.

3. Whether the Government, which sought and obtained the release of Nyanjong after it had promised to pay for his medical care at plaintiff's facility, should be foreclosed from using Nyanjong's release as an excuse.

Defendant's Statement Of the Issues

1. Whether this Court possesses subject matter jurisdiction to entertain plaintiff's claim pursuant to the Contract Disputes Act or the Tucker Act.

2. Whether there was an express or implied-in-fact contract between Lakeland Partners, L.L.C. ("Lakeland") and the Government to provide medical services to detainee Duncan Nyanjong.

3. Whether Jay Seligman possessed authority to bind the Government to its contract with Lakeland.

4. Whether the terms of any contract bound the Government to continue to pay for medical services provided by Lakeland to detainee Nyanjong after his release from custody until his death.

5. Whether the Division of Immigration Health Services is authorized to pay for medical services for an alien who is released and no longer within the custody of the United States Immigration and Customs Enforcement ("ICE").

i. Settlement

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses. The United States does not anticipate that alternative dispute resolution would be helpful at this time, but will consider the use of alternative dispute resolution as the case progresses. Plaintiff believes that alternative dispute resolution would be helpful at this time.

j. Trial

As stated above, after discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

k. Electronic Case Management

The parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Scheduling Plan

i. The United States anticipates that if the case proceeds to trial, the trial will be conducted in Alexandria, Louisiana, and will last approximately three days. Plaintiff believes one trial day should suffice. The parties anticipate proceeding to trial six months after discovery is closed, or, if a motion for summary judgment is filed, six months after the court issues its decision, whichever is later.

ii. The parties do not anticipate joining additional parties.

iii. The defendant intends to file a motion to dismiss for lack of jurisdiction by November 9, 2006. The defendant intends to demonstrate that this Court does not possess jurisdiction to entertain plaintiff's claim pursuant to the Contract Disputes Act or the Tucker Act, because Lakeland was not a "contractor" and did not possess a contract with the United States. The

Government awarded a contract to CR Associates, Inc. ("CRA") to provide healthcare services for alien detainees held in custody by the Government, and CRA subcontracted with Lakeland to provide nursing home care services. There is no binding contract between Lakeland and the United States.

iv. Lakeland is not familiar with the supposed contract with CRA. Lakeland will demonstrate that it did not contract with CRA. Lakeland will show that it entered into a binding written and/or oral contract directly with the United States for the care of Duncan Nyanjong. Because it is "a party to a Government contract," Lakeland is a "contractor" as that term is defined in Title 41. Additionally, Lakeland will also show that Jay Seligman was a contracting officer since he had authority to enter into and administer contracts or was the authorized representative of such persons, acting within the limits of his authority. Lakeland will alternatively demonstrate that Jay Seligman had implied authority to enter into the contract with Lakeland on behalf of the United States.

v. Defendant states that the Court should first determine whether it possesses jurisdiction to entertain plaintiff's claim.

vi. If the Court does not dismiss the case for lack of jurisdiction, the parties propose that fact discovery be closed six months after the court issues its opinion upon defendant's motion to dismiss.

vii. The parties do not anticipate that expert witnesses will be needed in this case.

viii. The parties do not anticipate requiring more than ten depositions and 25 interrogatories per party in this case.

ix. The parties do not anticipate requesting physical or mental examinations of parties.

x. There is no additional information of which the Court should be aware at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham

STEVEN J. GILLINGHAM
Assistant Director

s/ Michael Reese Davis

MICHAEL REESE DAVIS
Hymel, Davis & Petersen, L.L.C.
15171 South Harrell's Ferry Road
Baton Rouge, LA 70816
Tel: (225) 755-1060
Fax: (225) 755-1065

Attorney for Plaintiff

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 353-0546
Fax: (202) 514-7965

Attorneys for Defendant

September 28, 2006