IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C.<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-295C<br>(Chief Judge Damich) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 25, 2006 Order, plaintiff and defendant respectfully submit the following joint status report:

A. Dispositive Motions

Defendant intended to file a motion to dismiss for lack of subject matter jurisdiction. However, after completing the limited discovery provided for in this Court's October 25, 2006 Order, defendant has elected not to pursue that motion. The parties still intend to submit cross-motions for summary judgment pursuant to RCFC 56 after sufficient discovery has been completed.

1. Defendant intends to file a motion for summary judgment demonstrating that there was no express contract between Lakeland and the United States, and that Jay Seligman was not a contracting officer and had no authority to bind defendant to an implied contract with Lakeland.

2. Lakeland maintains that Jay Seligman was a contracting officer who had authority to enter into and administer contracts or was the authorized

representative of such persons, acting within the limits of his authority. Lakeland will alternatively demonstrate that Jay Seligman had implied authority to enter into the contract with Lakeland on behalf of the United States.

B. Relevant Issues

Plaintiff's Statement Of the Issues

1. Irrespective of any alleged written contract, whether there was an oral contract between Lakeland and the Government whereby the Government agreed to guarantee permanently all medical expenses for Nyanjong's care.

2. Whether Jay Seligman possessed implied authority to bind the Government to its contract with Lakeland.

3. Whether the Government, which sought and obtained the release of Nyanjong after it had promised to pay for his medical care at plaintiff's facility, should be foreclosed from using Nyanjong's release as an excuse.

Defendant's Statement Of the Issues

1. Whether there was an express or implied-in-fact contract between Lakeland and the Government to provide medical services to detainee Duncan Nyanjong.

2. Whether Jay Seligman possessed authority to bind the Government to its contract with Lakeland.

3. Whether the terms of any contract bound the Government to continue to pay for medical services provided by Lakeland to detainee Nyanjong after his release from custody until his death.

4. Whether the Division of Immigration Health Services is authorized to pay for medical services for an alien who is released and no longer within the custody of the United States Immigration and Customs Enforcement.

C. Settlement

The parties still anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses. The United States does not anticipate that alternative dispute resolution would be helpful at this time, but will consider the use of alternative dispute resolution if its motion for summary judgment is denied. Plaintiff maintains that alternative dispute resolution would be helpful.

D. Trial

As stated above, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

E. Additional Information

There is no additional information of which the Court should be aware at this time.

F. Proposed Scheduling Plan

1. The United States anticipates that if the case proceeds to trial, the trial will be conducted in Alexandria, Louisiana, and will last approximately three days. Lakeland believes one trial day should suffice.

2. The parties propose that all depositions for trial shall be taken and all discovery shall be completed no later than December 31, 2007.

3. The parties propose that this case proceed to trial three months after discovery is closed, April 1, 2008.

4. The parties propose that counsel for the parties shall file in the record and serve upon opposing counsel a list of all witnesses who will or may be called to testify at trial and all exhibits which may or will be used at trial, not later than Monday, December 31, 2007.

5. The parties do not anticipate that expert witnesses will be needed in this case.

6. There is no additional information of which the Court should be aware at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

STEVEN J. GILLINGHAM
Assistant Director

s/Carrie Dunsmore
CARRIE DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576

Attorneys for Defendant

– AND –

HYMEL DAVIS & PETERSEN, L.L.C.

s/Michael Reese Davis
Michael Reese Davis (Bar Roll No. 17529)
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: 225.298.8118
Facsimile: 225.298.8119

Attorney for Plaintiff

April 26, 2007