IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C.<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-295C<br>(Chief Judge Damich) |

**JOINT STATUS REPORT**

Pursuant to the Court's May 8, 2007 Order, plaintiff and defendant respectfully submit the following joint status report:

A. Dispositive Motions

The parties intend to submit cross-motions for summary judgment pursuant to RCFC 56.

1. Defendant intends to file a motion for summary judgment demonstrating that Jay Seligman was not a contracting officer and had no authority to bind defendant to a contract with Lakeland.

2. Lakeland maintains that Jay Seligman was a contracting officer since he had authority to enter into and administer contracts or was the authorized representative of such persons, acting within the limits of his authority. Lakeland will alternatively demonstrate that Jay Seligman had implied authority to enter into the contract with Lakeland on behalf of the United States.

B. Relevant Issues

Plaintiff's Statement Of the Issues

1. Whether DIHS contractually obligated ICE to pay for the "permanent" care of Duncan Nyanjong.

2. Considering that Lakeland was never informed that there was a possibility of Nyanjong being released from custody or of his detainer being dropped, whether ICE/DIHS should be estopped from using the dropping of Nyanjong's detainer as a defense to its breach of contract.

3. Did ICE act in bad faith when, over the objection of Jay Seligman, it sought to have Nyanjong's detainer dropped for the express purpose of saving money (which Seligman considered to be patient dumping or a bad business practice).

4. Irrespective of any alleged written contract, whether there was an oral contract between Lakeland and the Government whereby the Government agreed to guarantee permanently all medical expenses for Nyanjong's care.

5. Whether Jay Seligman possessed implied authority to bind the Government to its contract with Lakeland.

6. Whether the Government, which sought and obtained the release of Nyanjong after it had promised to pay for his medical care at plaintiff's facility, should be foreclosed from using Nyanjong's release as an excuse.

Defendant's Statement Of the Issues

1. Whether there was an express or implied-in-fact contract between Lakeland Partners, L.L.C. ("Lakeland") and the Government to provide medical services to detainee Duncan Nyanjong.

2. Whether Jay Seligman possessed authority to bind the Government to its contract with Lakeland.

3. Whether the terms of any contract bound the Government to continue to pay for medical services provided by Lakeland to detainee Nyanjong after his release from custody until his death.

4. Whether the Division of Immigration Health Services is authorized to pay for medical services for an alien who is released and no longer within the custody of the United States Immigration and Customs Enforcement ("ICE").

C. <u>Settlement</u>

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses. The United States does not anticipate that alternative dispute resolution would be helpful at this time, but will consider the use of alternative dispute resolution if its motion for summary judgment is denied. Plaintiff maintains that alternative dispute resolution would be helpful.

D. <u>Trial</u>

As stated above, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

E. Additional Information

Plaintiff has filed a motion to extend the November 30, 2007 deadline for fact discovery. The Court has not yet ruled upon that motion.

F. Proposed Scheduling Plan

1. The United States anticipates that if the case proceeds to trial, the trial will be conducted in Alexandria, Louisiana, and will last approximately three days. Lakeland believes one trial day should suffice.

2. The parties propose that all dispositive motions be filed by February 29, 2008.

3. If dispositive motions are not completely dispositive of this action, the parties propose they meet and confer within 14 days after the Court's ruling on the dispositive motions, and draft a detailed joint proposed trial schedule at that time.

4. There is no additional information of which the Court should be aware at this time.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

/s/Carrie A. Dunsmore
CARRIE DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576

Attorneys for Defendant

– AND –

HYMEL DAVIS & PETERSEN, L.L.C.

/s/ Michael Reese Davis
Michael Reese Davis (Bar Roll No. 17529)
15171 South Harrell's Ferry Road, Suite C
Baton Rouge, Louisiana 70816
Telephone: (225) 755-1060
Facsimile: (225) 755-1065

Attorney for Plaintiff