IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C.<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-295C<br>(Chief Judge Damich) |

## PLAINTIFF'S MOTION TO COMPEL

NOW INTO COURT, through undersigned counsel, comes Lakeland Partners, L.L.C. d/b/a Lakeland Nursing Home, who hereby moves to compel discovery.

1.

Based upon matters learned in Mr. Seligman's November 2nd deposition, Lakeland propounded additional discovery requests to defendant on November 19, 2007. The discovery requests included requests for admissions, requests for production of documents, and interrogatories.

2.

Pursuant to this Court's scheduling order, fact discovery was to close on November 30, 2007, as was originally proposed by the parties.

3.

Because the deadline for responding to the discovery fell outside the Court's deadline, defendant's counsel refused to respond to the discovery requests without a court order extending the discovery deadline. Defendant's counsel stated that she would not object to or oppose such an extension.

4.

Accordingly, Lakeland filed a motion to extend the discovery deadline, which counsel for defendant did not oppose.

5.

On December 4, 2007, this Court issued an Order granting an extension until December 31, 2007, for the completion of fact discovery.

6.

Inasmuch as the discovery was propounded on November 19, 2007, responses were due on December 19, 2007.

7.

However, on December 18, 2007, defendant's counsel indicated that defendant did not have to respond to the outstanding discovery because the discovery was not "re-served" after the extension of the discovery deadline. Defendant's counsel also asserted that defendant would not have to respond even if the discovery was "re-served" on December 4 (the date of this Court's Order) because such service would have placed the time for defendant's response once again outside of the discovery period.

8.

Lakeland's discovery requests were filed within the discovery deadline; Lakeland was not required to re-serve those requests. Additionally, at the time defendant's counsel was contacted regarding the request for extension of the discovery deadline, she did not ask that Lakeland "re-serve" the discovery requests and implied that she would respond to the requests.

9.

Pursuant to Rules 33, 34, and 36 of the United States Court of Federal Claims, responses to Interrogatories, Requests for Production of Documents, and Requests for Admissions are due 30 days from the date of service. Therefore, defendant's responses were due on December 19, 2007.

10.

Accordingly, Lakeland requests an Order from this Court, compelling defendant to respond to Lakeland's Interrogatories and Requests for Production of Documents.

11.

Because answers for the Requests for Admissions were not made within 30 days of service, the requests are deemed admitted by operation of law. For that reason, Lakeland does not seek compulsion with regard to the Requests for Admissions.

Respectfully submitted,

HYMEL DAVIS & PETERSEN, L.L.C.

s/Michael Reese Davis
Michael Reese Davis (Bar Roll No. 17529)
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119
mdavis@hymeldavis.com

**Counsel for Plaintiff Lakeland Nursing Home**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2007, a copy of the foregoing Plaintiff's Motion to Compel was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will also be sent to Carrie Dunsmore by operation of the court's electronic filing system.

s/Michael Reese Davis
Michael Reese Davis (Bar Roll No. 17529)
Hymel Davis & Petersen, LLC
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119
mdavis@hymeldavis.com