IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C.,<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-295C<br>(Chief Judge Damich) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this opposition to the motion of plaintiff, Lakeland Partners, L.L.C.'s ("Lakeland"), to compel production of its discovery. Plaintiff's motion is untimely, moot, and unreasonable, and should be denied. In the alternative, if the Court allows plaintiff's motion, defendant respectfully requests that the Court exercise its discretion, to allow defendant's December 31, 2007 responses to the request for admissions to be accepted out time, and not deem plaintiff's requested admissions admitted.

**FACTS**

On November 19, 2007, plaintiff served defendant via facsimile with its second request for production of documents, request for admissions and interrogatories ("plaintiff's discovery"). At that time, fact discovery in this case was scheduled to close on November 30, 2007, which would not have afforded the Government the 33 days to which it was entitled and needed to respond. See First Scheduling Order, May 8, 2007, attached to this opposition at Exhibit A. Accordingly, defendant sent plaintiff a letter stating we would not answer the discovery without

an order from the Court extending the discovery period. See Defendant's First Discovery Letter, November 20, 2007, attached to this opposition at Exhibit B.

On November 20, 2007, plaintiff filed a motion to extend the discovery period by thirty days. On December 4, 2007, the Court granted plaintiff's motion, and extended the fact discovery period through December 31, 2007. See Second Scheduling Order, December 4, 2007, attached to this opposition at Exhibit C.

Upon receipt of the Court's December 4, 2007 order, counsel for defendant telephoned plaintiff and stated our understanding that the discovery period commenced with the issuance of the order, but offered to provide defendant's responses by the close of the discovery period (i.e., December 31, 2007), in order to avoid troubling the Court with a second extension of the discovery period. On December 18, 2007, defendant sent a letter to plaintiff, repeating our understanding that the discovery was due on January 3, 2008, thirty days after the Court's December 4, 2007 order extending the discovery period, and stating that although that was once again outside of the discovery period, the Government would answer the discovery by the last day of discovery, December 31, 2007, in the interest of efficiency and in order to not trouble the Court with another motion to extend. See Defendant's Second Discovery Letter, December 18, 2007, attached to this opposition at Exhibit D.

Plaintiff telephoned defendant on December 19, 2007, stating that it intended to file a motion to compel defendant's responses to discovery. Defendant repeated its position that discovery responses were due on January 3, 2008, and, in an attempt to resolve this dispute without Court action, again offered to provide the discovery on December 31, 2007, the last day of discovery, instead of the day discovery was due. Plaintiff argued that it could not agree to

defendant's interpretation of the discovery deadline, because once it received defendant's responses to discovery, plaintiff intended to file a motion to compel additional information, and according to the Court's May 8, 2008 discovery order, such motion needed to be filed before discovery closed. Defendant then offered to agree to not oppose plaintiff's request for an extension of time to permit plaintiff to file any required motion to compel. Plaintiff refused this option, stating that it needed to file a motion to compel our response to preserve its rights to file a second motion to compel. Moreover, during this conversation defendant represented to plaintiff that it would, if possible, attempt to provide its responses prior to December 31, 2007, but that such a possibility was unlikely due to the upcoming holidays, and that many of the Federal employees who would be providing responses to the discovery were on vacation at that time.

Plaintiff responded to this conversation by filing the instant motion to compel on December 20, 2007. Defendant provided plaintiff with responses to its discovery on December 31, 2007.

**ARGUMENT**

I. Plaintiff's Motion To Compel Is Premature

Plaintiff's motion should be denied because it is premature; defendant's response to plaintiff's discovery requests is not due until January 3, 2008.

Plaintiff's initial discovery was not properly served on the Government on November 19, 2007, because it did not afford the Government the 33 days to which it was entitled, and, therefore, was void. Plaintiff acknowledged as much when it sought an enlargement of time. Once the enlargement was granted, plaintiff did not re-serve its discovery, and we were on the

verge of the holiday season, which affected defendant's ability to respond to the discovery. Nonetheless, the Government agreed to consider the discovery served as of date of the Court's December 4, 2008 order. But even with that concession, discovery responses would not be due any sooner than January 3, 2008[1], and, the Government responded in fact on December 31, 2007. Accordingly, plaintiff's December 20, 2007 motion was premature, and thus, plaintiff's motion to compel should be denied.

II. Plaintiff's Motion Is Moot

Defendant provided plaintiff with responses to its discovery on December 31, 2007. Therefore, plaintiff's motion to compel discovery responses is moot, because plaintiff already has received defendant's discovery responses.

III. Plaintiff's Motion Is Unreasonable

Plaintiff is acting unreasonably and not demonstrating good faith in its dealings with defendant. RCFC 37 requires that any party that moves to compel disclosure and for appropriate sanctions "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without

---

[1] Technically, because plaintiff's discovery was not served on defendant by hand, defendant would be entitled to 33 days to respond to the requests, see RCFC 6(e), or January 6, 2008, but defendant has not insisted on this point.

court action" in its motion. Plaintiff's motion does not contain any such certification, and while plaintiff telephoned defendant prior to filing its motion to compel, plaintiff did not make a good faith attempt to resolve this issue without court action.[2]

In an effort to make a good faith accommodation, defendant explained its understanding of the discovery deadline, and the fact that it required sufficient time to prepare its responses, particularly given the holiday season. Defendant offered to supply the discovery three days early (by the end of the discovery period), and to agree to not oppose plaintiff's request for an extension of time to permit plaintiff to file any required motion to compel. Plaintiff responded that it would not agree to any of defendant's proposed accommodations. Moreover, plaintiff failed to explain why, after it had had seven months to conduct discovery (as well as six months prior that in which limited discovery was being conducted), and having caused this problem by serving its initial discovery so late in the discovery period as to require a further (unopposed) extension of discovery, it was necessary to immediately receive the discovery, rather than accommodate the Government with regards to these disputed twelve days. Instead it offered a legalistic excuse based upon plaintiff's assumption that it would require a motion to compel additional discovery, and that it would not be able to file one, an assumption we offered to assuage by agreeing not to oppose any extension of time to permit such a filing.

Given these circumstances, plaintiff's inability to come to an agreement that would not involve the Court is unreasonable and shows a lack of the good faith effort required by RCFC 37.

---

[2] Defendant would suggest, at a minimum, that it is bad faith for one party to state that it intends to file a motion to compel additional discovery before it even receives the other party's discovery responses.

IV. In The Alternative, The Court Should Exercise Its Discretion And Deem The Request For Admissions Not Admitted

Plaintiff argues that its request for admissions should be deemed admitted because they were not answered within 30 days of service. The decision on whether to impose discovery sanctions, either pursuant to the court's inherent authority or under the court's rules, rests within the sound discretion of the court. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Adkins v. United States, 816 F.2d 1580, 1581-82 (Fed.Cir.1987). The United States Court of Appeals for the Federal Circuit has held that "[n]o Rule 37 sanction is appropriate when a litigant's failure is not the result of bad faith or misconduct." Hendler v. United States, 952 F.2d 1364, 1368 (Fed. Cir. 1992) (citing Societe Int'l v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958)). Many Courts have allowed parties to file responses request for admissions after thirty days rather than deeming requests admitted, when to do so would aid in the presentation of the merits of the action, and would not prejudice the party that made the request. See e.g., 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2257 (2nd ed. 1987); Bishop v. United States, 72 Fed. Cl. 766, 772 (2006); Smith v. First Nat'l. Bank of Alaska, 837 F.2d 1575, 1577 (11th Cir. 1988); Beatty v. United States, 983 F.2d 908, 909 (8th Cir. 1993) (stating that "deemed admission are to give way to the quest for truth only in extreme circumstances.").

As discussed above, plaintiff never properly served the discovery requests, and even if deemed served on the date of the Court's December 4, 2008 order, defendant's response to the discovery requests is not due until January 3, 2008. Moreover, even if the discovery responses were due on December 19, 2007, as plaintiff has asserted, plaintiff has suffered no prejudice from the Government's failure to respond by that date - particularly in light of the fact that

defendant made its position on the matter known to plaintiff on December 4, 2007 and repeatedly offered to compromise. Indeed, if the 12 days in dispute were of such import to plaintiff, plaintiff could have sought to the Court's immediate intervention in this matter. In this case, the Government has not acted out of bad faith or misconduct, but rather out of a reasonable belief that responses to discovery were not due until January 3, 2008 and an inability, given the time of year, to respond to the discovery responses before December 31, 2007. Moreover, allowing defendant's actual responses to the request for admissions, rather than the deemed responses would aid in the presentation of the merits of this case.

Accordingly, defendant respectfully requests, that, should the Court agree with plaintiff that defendant's responses to plaintiff's requests for admission were due on December 19, 2007, that the Court exercise its discretion, deem plaintiff's request for admissions not to be admitted, and accept defendant's December 31, 2007 responses to plaintiff's request for admission.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court deny plaintiff's motion. In the alternative, if the Court allows plaintiff's motion, defendant respectfully requests that the Court exercise its discretion, it allow defendant's December 31, 2007 responses to the request for admissions to be accepted out time, and not deem plaintiff's requested admissions admitted, for the reasons discussed above.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

/s/ Carrie A. Dunsmore
CARRIE DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576

January 3, 2008

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on this 3rd day of January 2008, a copy of the Defendant's Unopposed Motion For An Enlargement Of Time was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Carrie A. Dunsmore
Carrie A. Dunsmore