# EXHIBIT A

# In the United States Court of Federal Claims

No. 06-295 C
(Filed: May 8, 2007)

| | |
|---|---|
| *********************************** | |
| **LAKELAND PARTNERS, L.L.C.** | * |
| **d/b/a LAKELAND NURSING HOME,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| *********************************** | |

**SCHEDULING ORDER**

On May 8, 2007, the Court held a telephonic status conference following the close of limited fact discovery. The Court hereby ORDERS that:

1. Fact discovery shall close on **November 30, 2007**, as proposed by the parties at the status conference.

2. On or before **December 3, 2007**, the parties shall file a joint status report regarding how the case should proceed and addressing, *inter alia*, any dispositive motion(s) the parties intend to file. (The Court anticipates that any dispositive motion(s) the parties intend to file will be filed on or before January 14, 2008.)

3. A joint telephonic status conference shall be held on **December 6, 2007 at 3:00PM** Eastern Time. One business day before the conference, counsel shall email chambers (damich_chambers@ao.uscourts.gov) to provide the phone number where he or she can be reached and to inform the court whether any others will be participating for that party (and, if so, their names and affiliations). The conference will be on the record via audio-recording, unless either party requests that a reporter be present. Such a request must be made at least five business days in advance of the conference.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

# EXHIBIT B

**U.S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

November 20, 2007

**BY E-MAIL & UNITED STATES MAIL**

Michael Reese Davis
Hymel, Davis & Peterson, LLC
10602 Coursey Boulevard
Baton Rouge, LA 70816

Re: Lakeland Partners, L.L.C. v. United States
No. 06-295 (Fed. Cl.)

Dear Mr. Davis

I have received your facsimile of November 19, 2007, in which you served the United States with Plaintiff's Requests for Admission, Plaintiff's Interrogatories to Defendant, and Plaintiff's Production of Documents in the matter Lakeland Partners L.L.C. v. United States, No. 06-295 (Fed. Cl.). I am writing in response to these requests.

As stated in the Court's May 8, 2007 scheduling order, fact discovery in this case closes on November 30, 2007. The Rules of the Court of Federal Claims ("RCFC") provide parties thirty days to respond to interrogatories, see RCFC 33(b)(3), thirty days to response for requests for admission, see RCFC 36(a), and thirty days to response to requests for production of documents, see RCFC 34(b). Thirty days from November 19, 2007 is December 19, 2007. December 19, 2007 falls outside of the end of fact discovery, as well as after the Scheduling Conference in this case set for December 6, 2007.

The Government is not required to respond to discovery outside the Court-ordered discovery period. Accordingly, the Government will not answer this discovery without an order from the Court extending the discovery period.

Please feel free to contact me with any questions.

Very truly yours,

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney

# EXHIBIT C

# In the United States Court of Federal Claims

No. 06-295 C
(Filed: December 4, 2007)

| | |
|---|---|
| ************************************ | |
| **LAKELAND PARTNERS, L.L.C.** | * |
| **d/b/a LAKELAND NURSING HOME,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ************************************ | |

**ORDER**

On November 20, 2007, Plaintiff filed a motion to extend the close of discovery by thirty (30) days, in order to allow sufficient time for the Government to respond to discovery requests made by Plaintiff on November 19, 2007. Plaintiff stated that Government counsel was contacted and did not oppose the extension.

The Court hereby GRANTS Plaintiff's motion. Discovery shall conclude on or before **Monday, December 31, 2007**. The parties shall file a joint status report on or before **Friday, January 4, 2008**, providing to the Court any updates as to the parties' statements and proposals contained in the status report filed December 3, 2007.

The telephonic status conference scheduled for December 6, 2007, is therefore rescheduled for **Tuesday, January 8, 2007**, at 3:00pm Eastern Time. One business day before the conference, counsel shall call Ms. Ellan Jackson at (202) 357-6483 or email chambers (damich_chambers@ao.uscourts.gov) to provide the phone number where he or she can be reached and to inform the court whether any others will be participating for that party (and, if so, their names and affiliations). The conference will be on the record via audio-recording, unless either party requests that a reporter be present. Such a request must be made at least five business days in advance of the conference.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

# EXHIBIT D

**U. S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

December 18, 2007

**BY E-MAIL & UNITED STATES MAIL**

Michael Reese Davis
Hymel, Davis & Peterson, LLC
10602 Coursey Boulevard
Baton Rouge, LA 70816

Re: Lakeland Partners, L.L.C. v. United States
No. 06-295 (Fed. Cl.)

Dear Mr. Davis

I am writing in response to Plaintiff's Requests for Admission, Plaintiff's Interrogatories to Defendant, and Plaintiff's Second Request for the Production of Documents in the matter Lakeland Partners L.L.C. v. United States, No. 06-295 (Fed. Cl.), which you originally sent to the Government on November 19, 2007.

On November 20, 2007, I wrote to you, stating that because discovery was scheduled to close on November 30, 2007, and because our response time for this discovery would fall outside of the discovery period, the Government would not answer this discovery without an order from the Court extending the discovery period. On November 20, 2007, you filed an unopposed motion to extend the discovery period for thirty days. The Court granted your motion on December 4, 2007, and extended the discovery period to December 31, 2007.

Your associate, Mr. Hartdegen, has represented to me that you consider the Government's responses to this discovery to be due on December 19, 2007 (i.e., 30 days from the date you originally sent the discovery). The government respectfully disagrees with this position. We rejected your discovery pending a ruling from the Court that would put it within the discovery period. You have not formally re-served the discovery upon the Government, and any service, even service on December 4, 2007, the date of the Court's order, would place our time for response once again outside of the discovery period as we are permitted 30 days to respond to discovery. However, in the interest of efficiency in this matter and to avoid bothering the Court with

yet another motion to extend, we will consider our responses due on the last day of the discovery period, December 31, 2007. Moreover, if we are to complete any discovery in advance of the deadline, we will send it to you as soon as possible.

Please feel free to contact me with any questions.

Very truly yours,

Carrie Dunsmore

CARRIE A. DUNSMORE
Trial Attorney