# In the United States Court of Federal Claims

No. 06-295 C
(Filed: January 16, 2008)

| | |
|---|---|
| ********************************** | |
| **LAKELAND PARTNERS, L.L.C.** | * |
| **d/b/a LAKELAND NURSING HOME,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ********************************** | |

## ORDER

Before the Court is a motion to compel filed on December 20, 2007, by Plaintiff, Lakeland Partners, LLC ("Lakeland"). Lakeland's motion requests that the Court order Defendant, the United States ("the Government"), to respond to a set of discovery requests which Lakeland served on November 19, 2007.

Though discovery was scheduled to close on November 30, 2007, Lakeland served a new set of discovery requests on the Government on November 19, 2007. Pl.'s Mot. at 1. According to Rule 36(a) of the Rules of the United States Court of Federal Claims ("RCFC"), the Government's responses to Lakeland's November 19 requests for admission would have been due on or before December 19, 2007 - nineteen days past the close of discovery. For this reason, the Government informed Lakeland that it would not respond to the November 19 discovery requests. Def.'s Resp. at 1-2. Therefore, Lakeland filed a motion to extend the close of discovery by thirty days, to December 31, 2007. The Court granted this motion on December 4, 2007.

However, the Government still did not serve its responses to Lakeland's requests for admissions on December 19. At the time, the Government was of the belief that "the discovery period commenced with the issuance of the order" and that Lakeland would have to "re-serve" its discovery requests. Def.'s Resp. at 2; Pl.'s Mot. at 2.

The Government did finally serve its responses to the November 19 discovery requests on December 31, 2007. This prompted Lakeland to file a supplemental motion to compel on January 3, 2008, in which Lakeland clarified that the only remaining issue from its December 20

motion to compel was its request that the Court deem Lakeland's requests for admission to be admitted by default, since the Government's responses were served past the deadline under RCFC 36(a). Pl.'s Supp. Mot. at 1. According to Rule 36(a), each matter for which a request for admission is served is deemed "admitted unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."

The Court held a status conference on January 8, 2008, to discuss Lakeland's motions to compel. Counsel for Lakeland confirmed that the sole issue from the December 20 motion to compel which is not moot is its request that the Court find the November 19 requests for admission to be admitted by default. However, Lakeland did not argue that it has been unfairly prejudiced by the Government's delay. In addition, though the Government did not provide any precedent to support its belief that the November 19 requests for admission should have been "re-served," the Court does not find that the Government's delay in serving its responses was the result of bad faith or a dilatory motive.

Decisions regarding the scope and conduct of discovery are commended to the trial court's discretion. *See Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448, 1450-51 (Fed. Cir. 1988). Because the interests of justice weigh in favor of deciding cases upon the merits, the Court finds that the requests for admission shall not be deemed admitted by operation of Rule 36(a). Therefore, Lakeland's motion to compel filed December 20, 2007, is DENIED.

In addition to clarifying the December 20 motion to compel, Lakeland's January 3 supplemental motion to compel raised new issues. Therefore, briefing on Lakeland's supplemental motion to compel shall proceed. The Government's response brief is due on or before **January 22, 2008**.

In addition, as agreed during the January 8, 2008, status conference, the parties shall file their respective dispositive motions on or before **March 17, 2008**.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge