# In the United States Court of Federal Claims

No. 06-295 C
(Filed: February 14, 2008)

***********************************

**LAKELAND PARTNERS, L.L.C.**
**d/b/a LAKELAND NURSING HOME,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

***********************************

## ORDER

On December 20, 2007, Plaintiff filed a motion to compel Defendant to respond to a set of interrogatories and requests for admission. Defendant responded to the discovery requests on December 31, 2007, but objected to two of Plaintiff's interrogatories. Therefore, on January 3, 2008, Plaintiff filed a supplemental motion to compel, narrowing the scope of the discovery dispute to Plaintiff's Interrogatories No. 14 and 22.[1] Defendant filed a brief in response to Plaintiff's supplemental motion on January 22, 2008, but Plaintiff did not file a reply brief.

On January 8, 2008, the parties discussed, and came to an agreement on, Defendant's objection to Interrogatory No. 22. Def.'s Resp. to Pl.'s Supp. Mot. at 2-3. It seems that Plaintiff is willing to accept a response from Defendant that is limited in scope to the year 2004 (the year the contract at issue was formed). Because Defendant served such a response on January 22, 2008, the Court considers this issue to be resolved.

Plaintiff's Interrogatory No. 14 states, "Please list any other ICE detainees, who were mentally or physically incompetent and/or could not take care of themselves, whom ICE has released from custody prior to finding a funding source for the detainees' healthcare." Pl.'s Supp. Mot. at 2. Defendant objected to Interrogatory No. 14 on the basis that it seeks irrelevant information and is unduly broad and burdensome. In addition, Defendant noted that, although the Privacy Act (5 U.S.C. § 552a) does not apply to visitors or aliens, "as a matter of DHS [probably "Department of Homeland Security"] policy, any personally identifiable information,

[1] The Court issued an Order on January 16, 2008, denying Plaintiff's request that its requests for admission be deemed admitted by default, the only remaining issue from Plaintiff's original December 20, 2007 motion to compel.

including detainee names ... [is] treated as a System of Records subject to the Privacy Act." Def.'s Resp. to Pl.'s Supp. Mot. at 2.

In its motion to compel, Plaintiff argues that the information sought by Interrogatory No. 14 is relevant, as it may tend to show that Defendant has a policy of "dumping" detainee patients who are unable to care for themselves. Such a policy would show that Defendant acted in bad faith by inducing Plaintiff to accept Mr. Nyanjong, the detainee patient with whom this case is concerned.

Defendant concedes that its concerns regarding the Privacy Act "could be overcome, if necessary, through the use of a protective order." Def.'s Resp. to Pl.'s Supp. Mot. at 3 n.1. However, Defendant maintains that the requested discovery is irrelevant because "[w]hether the Government may or may not [have] released other detainees has no bearing on whether the government contracted to care for a specific detainee, Mr. Nyanjong." Def.'s Resp. to Pl.'s Supp. Mot. at 4 (emphasis in original). In the Court's view, the scope of discovery is not so narrow, and Plaintiff's theory for why the requested discovery would be relevant is a sufficient basis to propound such an interrogatory. *See* RCFC 26(b)(1) ("the court may order discovery of any matter relevant to the subject matter involved in the action").

However, Defendant also argues that answering Interrogatory No. 14 would be unduly burdensome because U.S. Immigration and Customs Enforcement does not maintain a list or searchable database of "ICE detainees, who were mentally or physically incompetent and/or could not take care of themselves, whom ICE has released from custody prior to finding a funding source for the detainees' healthcare." Def.'s Resp. to Pl.'s Supp. Mot. at 5. To support this contention, Defendant has submitted a declaration from Mr. John Tsoukaris, a Unit Chief for the Executive Information Unit of Immigration and Customs Enforcement, Detention and Removal Operations. According to Mr. Tsoukaris, the information system used to track aliens' removal proceedings contains approximately 4.8 million records. However, the system "does not have the capability to track a detainee's medical condition." Def.'s Ex. C. It seems that responding to Plaintiff's Interrogatory No. 14 would require "a manual review of hundreds of thousands of paper alien files," a task which would be "extremely burdensome," "time-consuming," "and would cause a significant adverse affect to daily enforcement operations nationwide." *Id.*

Because Plaintiff did not file a reply brief, the Court has no rebuttal arguments before it. Thus, Defendant's declaration stating that answering Interrogatory No. 14 would be unduly burdensome is uncontested. Additionally, Plaintiff has not suggested any alternatives or limitations by which this burden could be reduced or alleviated. Therefore, the Court hereby DENIES Plaintiff's motion to compel a response to Plaintiff's Interrogatory No. 14.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge