IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff<br><br>v.<br><br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-295C<br>(Judge Sweeney) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Pursuant this Court's March 18, 2008 Order, defendant, the United States, respectfully requests that the Court deny plaintiff's motion in limine to exclude evidence of Duncan Nyanjong's release from Government custody from. Plaintiff argues that the documents provided by the Government relating to Mr. Nyanjong's release from custody are not authenticated and not complete, and thus should be excluded from evidence at any trial in this matter pursuant to Federal Rule of Evidence ("FRE") 901. Plaintiff's Motion for Summary Judgment and In Limine ("Pl. Br.") at 19-20. Because the documents in question are authentic and the plaintiff's motion is premature, this motion should be denied.

Plaintiff's motion addresses two documents: the Order to Detain or Release Alien, found at GOV 214-216, and the Order to Release on Recognizance, found at GOV 217. Both of these documents demonstrate that Mr. Nyanjong was released from Government

custody on April 1, 2005.[1] Christopher Jacobs of the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") faxed both these documents to Lakeland Nursing Home to be provided to Mr. Nyanjong. Affidavit of Christopher Jacobs ("Jacobs Aff.") at 2-3, attached to this response as Exhibit B.

Pursuant to the Federal Rules of Evidence, a document may be authenticated in a number of ways. Fed. R. Evid. 901-02; see Orr v Bank Of America, 282 F.3d 1099 (9th Cir. 2002) ("a proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902"). The first example of a method of authentication set forth in Fed. R. Evid. 901(b) is "[t]estimony of witness with knowledge. Testimony that a matter is what it is claimed to be."

In this case, Mr. Jacobs has presented an affidavit stating that the documents are complete and authentic. Fed. R. Evid. 901(b)(1). See Jacobs Aff. at ¶ 3 ("These documents are authentic copies of the release documents in this case"), ¶ 5 ("The Order to Detain or Release Alien form is complete with only my signature. It is not necessary for two officers to sign this form") and ¶ 7 ("The Order to Release on Recognizance is accurate and complete as filed.") Moreover, Mr. Jacobs stated that he has personal knowledge that Mr. Nyanjong was properly released from custody. Should this matter proceed to trial, Mr. Jacobs would testify both to the authenticity of this and other DHS/ICE documents relied upon in this case, and to his own personal knowledge of Mr.

---

[1] Plaintiff states that the only version of the documents at question are found at Bates GOV0214-18, and 220. The relevant documents are found at Bates GOV0214-217, and it is these pages that the witness, Chris Jacobs, relied upon in making his affidavit. (See Exhibit A).

Nyanjong's release from Government custody. Accordingly, the Court should deny plaintiff's motion in limine.[2]

Plaintiff's motion, moreover, is premature to the extent it seeks to exclude documents from the trial of this matter. The parties are still in the middle of the summary judgment phase of this case, therefore any motion filed should solely be limited to the summary judgment motions.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

---

[2] To the extent that this challenge to the admissibility of the documents at issue is not about their authenticity but rather about the claims made at Pl. Br. 16-19 that Mr. Nyangjong was not properly released from Government custody, we will address that issue in our forthcoming response to plaintiff's partial motion for summary judgment. We note, however, that Mr. Jacobs has explained that Mr. Nyangjong was properly released from custody on April 1, 2005,

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

May 4, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2008, a copy of "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE