IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C.<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff,<br><br>v.<br><br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br><br>)<br>)<br>) | No. 06-295C<br>(Judge Margaret M. Sweeney) |

**REPLY TO DEFENDANT'S OPPOSITION TO LAKELAND'S MOTION *IN LIMINE***

NOW INTO COURT, through undersigned counsel comes Lakeland Partners, L.L.C. d/b/a/ Lakeland Nursing Home ("Lakeland"), who hereby responds to defendant's opposition to Lakeland's Motion *In Limine* as follows:

**A. No Proof Mr. Nyanjong Was Actually Released**

Defendant's opposition asserts that Mr. Jacobs affidavit establishes that Mr. Nyanjong was released from ICE custody. Mr. Jacobs' affidavit states that the forms allegedly showing that Mr. Nyanjong was released are complete and authentic. Mr. Jacobs' affidavit also asserts that he has personal knowledge that Mr. Nyanjong was properly released from custody.

However, defendant's opposition fails to offer sufficient support for its allegation that Mr. Nyanjong was released from custody. Mr. Jacobs' affidavit only offered unsupported allegations setting forth ultimate or conclusory facts and conclusions of law. Such affidavits are insufficient. *See, e.g., Galindo v.*

*Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). Furthermore, several of the allegations in Mr. Jacobs affidavit are hearsay. For example, in paragraph two Mr. Jacobs states that "per conversation with Deputy Field Officer Director Creahan, the decision to release Mr. Nyanjong was made at Headquarters."

The only other defense raised in defendant's opposition is its assertion that Lakeland's Motion *In Limine* is premature. However, discovery is closed in this case. Therefore, defendant's assertion that this matter is in the summary judgment phase and the motion *in limine* is therefore premature is inapposite.

Defendant also addressed Lakeland's Motion *In Limine* in defendant's opposition to Lakeland's motion for summary judgment. Therein, defendant again relies mostly upon the affidavit of Mr. Jacobs. Defendant essentially offers no other defense to Lakeland's argument that Mr. Nyanjong's release was clearly not in compliance with Section 1003.19(h)(3) of Title 8.[1] In fact, defendant seems to concede on page four of its opposition that this section places the burden upon the alien and does not provide an avenue for ICE of its own accord to release an alien. Rather, defendant suggest that another provision, Section 1236.1(c)(6)(i), provides an avenue for ICE to release any alien from custody under any terms that the director may prescribe.

However, Section 1236(c)(6)(i) provides, in pertinent part:

---

[1] Lakeland again observes that Section 1003.19(h)(3) requires the alien to apply for a redetermination of custody and requires the alien to demonstrate by clear and convincing evidence that release would not pose a danger to other persons or to property.

> If the district director determines that an alien subject to section 303(b)(3)(A)(iii) or (iii) of Div. C of Pub.L. 104-208 cannot be removed from the United States because the designated country of removal or deportation will not accept the alien's return, the district directory may, in the exercise of discretion, consider release of the alien from custody upon such terms and conditions as the district director may prescribe, without regard to paragraphs (c)(2), (c)(4), and (c)(5) of this section.

Mr. Jacobs affidavit does not allege that the director made such a determination. In fact, Mr. Jacobs affidavit only alleges hearsay that the *deputy* director told Mr. Jacobs that a decision was made to release Mr. Nyanjong. Again, there is no documentation available to show that any designated country of removal or deportation would not accept Mr. Nyanjong's return. Nor is there any documentation available to show that the district directory exercised his discretion to release Mr. Nyanjong pursuant to terms prescribed by the director.

Accordingly, defendant's arguments in its opposition to Lakeland's Motion *In Limine* and Lakeland's Motion for Summary Judgment are without merit.

**B. Conclusion**

Based on the foregoing and the reasons more fully set forth in Lakeland's Motion *In Limine*, Lakeland requests that any evidence regarding the release or discharge of Nyanjong or the dropping of his detainer be excluded from evidence at the trial of this matter.

Respectfully submitted,

HYMEL DAVIS & PETERSEN, L.L.C.

s/Michael Reese Davis
Michael Reese Davis (Bar Roll No. 17529)
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119
mdavis@hymeldavis.com

**Counsel for Plaintiff Lakeland Nursing Home**

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, a copy of the foregoing Plaintiff's Reply to Defendant's Opposition to Motion *In Limine* was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will also be sent to Carrie Dunsmore by operation of the court's electronic filing system.

s/Michael Reese Davis
Michael Reese Davis (Bar Roll No. 17529)
Hymel Davis & Petersen, LLC
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119
mdavis@hymeldavis.com