# In the United States Court of Federal Claims

No. 06-295 C
(Filed: September 5, 2008)

| | |
|---|---|
| LAKELAND PARTNERS, L.L.C. d/b/a LAKELAND NURSING HOME, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES | * |
| Defendant. | * |

## ORDER

Before the court is Defendant's Motion for Summary Judgment ("motion").[1] In its response brief, plaintiff states that defendant raised the Anti-Deficiency Act, 31 U.S.C. § 1341 (2000), as an affirmative defense for the first time in its motion. Pl.'s Opp'n Def.'s Mot. Summ. J. 13. It asserts that defendant's failure to previously plead this affirmative defense has prejudiced plaintiff and argues that defendant has, in fact, waived this defense. Id. at 14. Furthermore, plaintiff notes that "because no discovery has been conducted related to this defense, it is unclear which appropriations or agency budgets funded Mr. Nyanjong's healthcare." Id. In addition, plaintiff maintains that "there is no evidence that defendant's contract with Lakeland exceeded an amount available in an appropriation," id. at 15, and claims that "[t]here is no evidence in this case that such an appropriation was not made in this case," id. at 15.

Defendant disputes the applicability of waiver in this case. Def.'s Reply Supp. Mot. Summ. J. 16 (citing Caldera v. Northrop Worldwide Aircraft Servs., Inc., 192 F.3d 962 (Fed. Cir. 1999)). It stresses that its Anti-Deficiency Act defense "relate[s] to whether plaintiff can prove elements of its claims–namely[,] whether it could show a contract had been entered into, and whether it could show that any contract was entered into by an official with proper authority." Id. Thus, according to defendant, "Lakeland has known from the beginning that we contended that Commander Seligman lacked authority to agree to the contract," thereby resulting in neither unfair surprise to nor prejudice against plaintiff. Id. Furthermore, defendant notes that plaintiff "could have asserted"–but ultimately did not assert–a need for discovery pursuant to RCFC 56(f).

[1] Also pending before the court is Plaintiff's Motion for Partial Summary Judgment and Motion In Limine.

Id.

Once a party files a motion for summary judgment, the burden of production shifts to the nonmoving party, who must (1) rehabilitate the evidence offered by the moving party, (2) produce additional evidence showing the existence of a genuine issue of material fact under RCFC 56(e), or (3) provide an affidavit explaining why discovery is necessary under RCFC 56(f). See 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2727 (3d ed. 1998). Thus, RCFC 56(f) provides a mechanism through which discovery may be sought if necessary. If plaintiff believed that it required discovery to challenge defendant's Anti-Deficiency Act defense, then it should have filed the appropriate motion for discovery under RCFC 56(f).[2] In the absence of such a motion, plaintiff will have waived its ability to counter defendant's arguments concerning this defense.

To date, plaintiff has not filed the appropriate RCFC 56(f) motion seeking discovery. **Accordingly, plaintiff shall file, by no later than Friday, September 12, 2008, a memorandum explaining why the court should not construe plaintiff's failure to seek discovery as a waiver or forfeit of its right to conduct discovery to address the issue defendant raises in its motion and indicating whether it intends to file a motion for discovery pursuant to RCFC 56(f).**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

[2] Defendant, however, argues that it "can imagine no additional discovery required to address [its] arguments." Def.'s Reply Supp. Mot. Summ. J. 16.