IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C.<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-295C<br>(Judge Margaret M. Sweeney) |

**REPLY TO THE COURT'S SEPTEMBER 5, 2008 ORDER AND MOTION FOR DISCOVERY PURSUANT TO R.C.F.C. 56(f)**

NOW INTO COURT, through undersigned counsel comes Lakeland Partners, L.L.C. d/b/a/ Lakeland Nursing Home ("Lakeland"), who hereby responds to this Court's September 5, 2008 Order.

1.

This case involves a nursing home's attempt to collect for care of an INS detainee. The ICE/DIHS signed as "responsible party" and guaranteed payment for the detainee's care. The ICE/DIHS paid for such care for almost a year before it unilaterally halted such payments. In fact, the ICE/DIHS' contracting representative, Jay Seligman, disagreed with the decision to halt payment, likened it to patient dumping, and thought it was unwise.

2.

Lakeland filed the instant suit on April 14, 2006, to collect approximately $49,500 in costs for the care of the detainee. For the next two years, defendant defended Lakeland's claim on the basis that Mr. Seligman allegedly did not have authority to bind the government in contract because he was not a "contracting officer." At no time prior to the filing of defendant's motion for summary judgment, including status conferences, status reports, and pleadings, did defendant ever even hint at a defense based upon the ADA.

3.

However, after the deadline for discovery had passed, defendant asserted a defense based upon the ADA in its motion for summary judgment. Lakeland asserted in its opposition that defendant had waived the ADA defense based upon the foregoing facts. Moreover, Lakeland observed that defendant had produced absolutely no evidence in support of its defense that the contract violated the ADA. As the movant, defendant was required to do so. Having failed to do so, Lakeland contended that defendant did not meet its burden under Rule 56(e), and therefore the burden never shifted to Lakeland to rebut defendant's argument.[1]

---

[1] Nevertheless, Lakeland did point out why the contract did not violate the ADA.

4.

Rule 56(f) requires a party to show via affidavits that it cannot present by affidavit facts essential to justify the party's opposition. *See* R.C.F.C. 56(f). Accordingly, based upon the foregoing, Lakeland did not believe that submitting an affidavit pursuant to Rule 56(f) was proper or warranted.

5.

Furthermore, because Lakeland did not believe that defendant had met its burden on the ADA issue, Lakeland did not believe that additional discovery was necessary.

6.

However, to the extent this Court believes that defendant has met its burden of proof on the ADA issue under Rule 56(e), Lakeland would request that this Court grant Lakeland leave of Court to conduct additional discovery pursuant to Rule 56(f). Lakeland certainly never intended to waive any rights under Rule 56(f).

7.

Lakeland observes that, throughout the course of these proceedings, it has diligently pursued discovery. However, the ADA issue never arose. Further, the contract did not violate the ADA as a matter of law, as defendant contends. Accordingly, Lakeland should not have discovered facts related to the ADA issue sooner. Lakeland submits that it was not dilatory in seeking discovery related to the ADA issue.

8.

Lakeland further believes that defendant possesses information pertaining to funding or appropriation issues related to defendant's ADA defense. In fact, if defendant does not have such information, defendant will not be able to show that the contract violated the ADA.

9.

Lakeland further asserts that, because discovery will be limited to the ADA issue, such discovery can be obtained within a reasonable amount of time.

10.

When the foregoing factors are present, a strong presumption arises in favor of relief. *See Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 809 (C.A.Fed. 1999).

WHEREFORE, should this Court find that further discovery is necessary for Lakeland to overcome defendant's motion for summary judgment, pursuant to Rule 56(f), Lakeland requests leave of court to conduct such discovery.

Respectfully submitted,

HYMEL DAVIS & PETERSEN, L.L.C.

s/Michael Reese Davis
Michael Reese Davis (Bar Roll No. 17529)
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119
mdavis@hymeldavis.com

**Counsel for Plaintiff Lakeland Nursing Home**

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2008, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will also be sent to Carrie Dunsmore by operation of the court's electronic filing system.

s/Michael Reese Davis
Michael Reese Davis (Bar Roll No. 17529)
Hymel Davis & Petersen, LLC
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119
mdavis@hymeldavis.com