IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAKELAND PARTNERS, L.L.C.<br>d/b/a LAKELAND NURSING HOME,<br><br>Plaintiff,<br><br>v.<br><br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br><br>)<br>) | No. 06-295C<br>(Judge Margaret M. Sweeney) |

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

Before me, the undersigned notary public, personally came and appeared, Michael Reese Davis, who after being duly sworn did depose and state that:

1.

I am counsel for Lakeland Partners, L.L.C. d/b/a Lakeland Nursing Home in the above captioned matter.

2.

Prior to the filing of its motion for summary judgment, defendant never referred to the Anti-Deficiency Act ("ADA") or otherwise informed me that defendant intended to assert a defense based upon the ADA.

Blumberg No. 5208 EXHIBIT A

3.

If the Court finds that defendant has met its burden of proof on the ADA issue and that Lakeland has not sufficiently rebutted defendant's motion, without further discovery, Lakeland will not be able to overcome defendant's motion on the ADA issue.

4.

Because the ADA issue was not raised until after the discovery deadline in this case, leave of Court is required for Lakeland to conduct such further discovery.

5.

Once leave of court is granted under Rule 56(f), Lakeland expects to discover that defendant did not enter into a contract with Lakeland which exceeded an amount available in an applicable appropriation or fund. Lakeland also expects to discover that the contract between Lakeland and defendant did not obligate defendant to pay money before an appropriation was made and that, even if it did, such was authorized by law.

Michael Reese Davis

Michael Reese Davis (LBN 17529)

Sworn to and subscribed before
me this 9th day of September, 2008.

Tim P. Hartdegen

Tim P. Hartdegen (LBN 27496)
Notary Public
My Commission Is for Life