# In the United States Court of Federal Claims

No. 06-295 C
(Filed: December 30, 2008)

```
*************************************
LAKELAND PARTNERS, L.L.C.          *
d/b/a LAKELAND NURSING HOME,       *
                                   *
              Plaintiff,           *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
*************************************
```

## <u>ORDER</u>

Currently pending before the Court is defendant's motion for summary judgment. In its response to the motion for summary judgment, plaintiff, Lakeland Partners, L.L.C. d/b/a Lakeland Nursing Home ("Lakeland"), asserted that defendant raised for the first time as an affirmative defense the Anti-Deficiency Act, 31 U.S.C. § 1341 (2000). In an order dated September 5, 2008, the court gave Lakeland an opportunity to address whether it had waived its right to conduct discovery and to indicate if it intended to file a motion for discovery.

In its September 9, 2008 response to the court's September 5, 2008 order, Lakeland also filed a motion for discovery pursuant to Rule 56(f) of the Rules of the United States Court of Federal Claims ("RCFC"). On October 7, 2008, defendant filed its opposition to the motion for discovery, and Lakeland filed its reply on October 16, 2008. For the reasons set forth below, the court grants Lakeland's motion for discovery.

According to Lakeland, defendant never specifically raised the Anti-Deficiency Act as a defense prior to the filing of its motion for summary judgment, and no discovery was taken regarding this specific issue. Pl.'s Mot. Disc. ("Pl.'s Mot.") 2. In contrast, defendant argues that Lakeland has not been unfairly surprised by its Anti-Deficiency Act arguments because defendant has previously asserted that Commander Jay Seligman lacked authority to contract with Lakeland. Def.'s Opp'n Pl.'s Mot. 8. The court is not persuaded that the general assertion of a lack of authority to contract placed Lakeland on notice that defendant intended to

assert as a defense the Anti-Deficiency Act.[1]  Whether Commander Seligman had authority to enter into the contract at issue and whether the contract violates the Anti-Deficiency Act are distinct issues.

The court has previously discussed ordering discovery under RCFC 56(f) in Flowers v. United States, and the discussion that follows is substantially similar.  See 75 Fed. Cl. 615, 625-26 (2007).  RCFC 56(f) motions "are generally favored, and should be liberally granted."  Stearns Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 534 (5th Cir. 1999).  However, "parties cannot evade summary judgment simply by arguing that additional discovery is needed; rather they must meet the requirements of Rule 56(f)."  Brown v. Miss. Valley State Univ., 311 F.3d 328, 333 n.5 (5th Cir. 2002); see also Price ex rel. Price v. W. Res., Inc., 232 F.3d 779, 783 (10th

---

[1]The Anti-Deficiency Act specifically provides:

Limitations on expending and obligating amounts

(a)(1)  An officer or employee of the United States Government or of the District of Columbia government may not–
(A) make or authorize an expenditure or obligation exceeding an amount available in an appropriation or fund for the expenditure or obligation;
(B) involve either government in a contract or obligation for the payment of money before an appropriation is made unless authorized by law;
(C) make or authorize an expenditure or obligation of funds required to be sequestered under section 252 of the Balanced Budget and Emergency Deficit Control Act of 1985; or
(D) involve either government in a contract or obligation for the payment of money required to be sequestered under section 252 of the Balanced Budget and Emergency Deficit Control Act of 1985.

(2)  This subsection does not apply to a corporation getting amounts to make loans (except paid in capital amounts) without legal liability of the United States Government.
(b)  An article to be used by an executive department in the District of Columbia that could be bought out of an appropriation made to a regular contingent fund of the department may not be bought out of another amount available for obligation.

31 U.S.C. § 1341 (2000).  As its title avers, the Anti-Deficiency Act is a limitation on the amount expended or obligated by officers and employees of the United States and District of Columbia governments; it is not tantamount to defendant's general defense that Commander Seligman lacked authority to contract.

2

Cir. 2000) ("Rule 56(f) does not operate automatically.  Its protections must be invoked and can be applied only if a party satisfies certain requirements.").

To reopen discovery under RCFC 56(f), Lakeland must state the "reasons why discovery is needed in order to support its opposition to a motion for summary judgment."  Opryland USA, Inc. v. Great Am. Music Show, Inc., 970 F.2d 847, 852 (Fed. Cir. 1992).  "Rule 56(f) serves the dual purpose of safeguarding against too hasty a grant of summary judgment, while requiring that parties who seek time for additional discovery have not been dilatory . . . ."  Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 809 (Fed. Cir. 1999).  The party moving for discovery "is 'required to state with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials would help him in opposing summary judgment.'"  Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996) (quoting Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1443 (5th Cir. 1993) (alterations in original)); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 265 (1967) (noting that RCFC 56(f) "provides for comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion").  "In moving for relief under Rule 56(f), a party must demonstrate specifically 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"  Simmons Oil Corp., 86 F.3d at 1144 (quoting Willmar Poultry Co. v. Morton-Norwich Prods., Inc., 520 F.2d 289, 297 (8th Cir. 1975)).

The United States Court of Appeals for the Federal Circuit ("Federal Circuit") has not established specific criteria a court must consider when evaluating a motion for discovery under RCFC 56(f).  Theisen Vending Co. v. United States, 58 Fed. Cl. 194, 198 (2003); cf. id. (outlining a five-part test for relief under RCFC 56(f) grounded in precedent from other circuit courts).  However, the Federal Circuit has quoted with approval an explanation of the burden under Rule 56(f) of the Federal Rules of Civil Procedure advanced by the United States Court of Appeals for the First Circuit:

> "In short, the facts that the movant seeks to discover must be foreseeably capable of breathing life into his claim or defense.
>
> Evaluating the potential significance of unknown facts in regard to unadjudicated issues is something of a metaphysical exercise.  Consequently, the threshold of materiality at this stage of a case is necessarily low."

Vivid Techs., 200 F.3d at 809 (quoting Resolution Trust v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1207 (1st Cir. 1994)); accord id. at 810 (applying the Resolution Trust standard and determining that discovery pursuant to Rule 56(f) was warranted).

Lakeland has stated why discovery is needed in order to support its opposition to defendant's motion for summary judgment.  See Opryland USA, Inc., 970 F.2d at 852.  The court cannot conclude that Lakeland has been dilatory in conducting discovery regarding facts about

3

the appropriations or funding for the underlying contract.  See Vivid Techs., Inc., 200 F.3d at 809.  Prior to the filing of the motion for summary judgment, defendant had not specifically asserted that the contract violated the Anti-Deficiency Act, and it would be premature to rule on defendant's motion for summary judgment at this time.

Accordingly, Lakeland's motion for discovery is **GRANTED**, and discovery in this matter shall be reopened in order to allow Lakeland to engage in fact-finding related to defendant's assertion that the contract violates the Anti-Deficiency Act.  Plaintiff may pursue discovery in all forms allowed by the RCFC, e.g., requests for production of documents, interrogatories, and depositions.  **Discovery shall close on Friday, March 6, 2009.**  While discovery is open, additional briefing on and resolution of defendant's motion for summary judgment is **STAYED**.

Furthermore, the parties shall, **by no later than Monday, March 9, 2009**, file a joint status report in which they (1) advise the court whether discovery has been completed, and (2) indicate if supplemental briefing is required for adjudication of defendant's motion for summary judgment.  If supplemental briefing is required, then the parties shall include within their joint status report a proposed schedule for supplemental briefing.  Finally, the parties shall, **by no later than Monday, March 9, 2009**, contact chambers to schedule a telephonic status conference to be conducted by no later than Monday, March 23, 2009.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

4